# Court of General Sessions, New York County.

*January,* 1887.

## PEOPLE V. RICHMOND.

### MOTION TO OBTAIN COPY OF TESTIMONY TAKEN BEFORE GRAND JURY.

A defendant cannot compel the exhibition to himself or his counsel of the minutes of the grand jury or the testimony of the people's witnesses before it, for any other purpose than to enable him to set aside the indictment on the grounds set forth in the Code of Criminal Procedure, § 313.

MOTION by defendant James A. Richmond, that he be furnished a copy of the testimony taken before the grand jury, upon which he was indicted.

The facts appear in the opinion.

*William Fullerton* and *Frank J. Dupignac*, for the motion.

*Randolph B. Martine*, district attorney, in opposition

SMYTH, Recorder.—The defendant with six other persons was indicted by the grand jury of the October term of the Court of General Sessions for the crime of bribery as defined by section 78 of the Penal Code. To this indictment he, with others of his co-defendants, has pleaded not guilty.

The co-defendants, Keenan, De Lacey, and Moloney, having left the jurisdiction of the court before the indictment was presented, have not been arraigned thereon and have not pleaded thereto.

No preliminary examination before a magistrate of any of the defendants upon the charges set out in the indictment was had before the finding of the indictment against them.

The defendant Richmond now applies for an order directing the district attorney either to furnish or permit him to

7

take a copy of the testimony given before the grand jury, upon which he was indicted. In the affidavit upon which he moves he assigns certain alleged reasons in support of his application.

1. Ignorance of the alleged bribery and a denial of any connection therewith.

2. That if bribes were paid or offered, it was without his knowledge or procurement.

3. That if any evidence was given to the grand jury in any way implicating him it was false, and that he is a loss to conceive what evidence was given to connect him with the offence.

5. That he believes, if he is informed what said evidence is, he will prove its falsity, and if compelled to go to trial without such information, he will be prejudiced; and that he cannot ascertain what the evidence is without the aid of the court.

6. That the names of the witnesses endorsed on the indictment, do not suggest nor is he able to conjecture therefrom what such evidence may have been.

7. That no preliminary examination before a magistrate was had.

8. That he believes that the names of all the witnesses examined before the grand jury are not endorsed on the indictment and he asks that the District Attorney furnish the names of such witnesses.

This last suggestion is fully met by the affidavit of the District Attorney read on the motion showing that the names of all the witnesses appearing before the grand jury are endorsed upon the indictment.

An inspection of the indictment shows that the offence charged is clearly and distinctly set out, the time, place, the nature of the alleged illegal transaction and the name of the prisoner alleged to have been bribed by the defendants are all clearly alleged. The defendant is thus fully informed of the nature of the charge which he is called upon to meet and of the facts upon which the people rely to sustain it.

The names of the witnesses upon whose testimony the indictment was found are endorsed thereon in conformity with the requirements of the Code of Criminal Procedure and the bill is signed by the foreman of the grand jury, and was presented to the court and filed on the 19th day of October, 1886.

The defendant is informed by the endorsement upon the indictment of the names of the people's witnesses, upon whose testimony they will rely to sustain their case and it is made to appear by affidavits read in opposition to the motion that intimate personal business and professional relations exist between Richmond and Sharp and nearly all of the persons whose names are endorsed upon the indictment and that the granting by the board of aldermen of the so-called Broadway franchise to the railway company of which Richmond was the president, was the subject of a public investigation before a committee of the senate of the state before which committee most, if not all of the persons whose names appear upon the indictment, were examined and testified as witnesses in respect to the granting of such franchise and that these persons also testified in respect to said matters upon the trial of two of the public officers who were convicted of bribery in connection with the granting of said franchise to the company of which the defendant was president.

It is a matter of public notoriety that the evidence taken before the commission was printed as a public document and was referred to by counsel on the trial of the above named persons.

Considering the relations existing between the defendant, and the witnesses of the people and his interest, as president of the railway company in the subject-matter of the investigation by the senate committee and the subsequent trial of the persons charged with bribery, in connection with the granting of said franchise it may reasonably be assumed, that the defendant, can easily derive all the information which he seeks by his application, by getting it from the persons who were examined before the grand jury, if he has not already done so, and by consulting the minutes of the senate

committee which can easily be obtained. If he can without resorting to the court to aid him in obtaining the information he seeks by this application he must do so, before he can invoke the aid of the court. But whether the defendant can or cannot obtain the information he desires from the witnesses named on the indictment voluntarily, I know of no authority, statutory or otherwise, nor has any been cited by the defendant's counsel, authorizing the court to compel the district attorney to exhibit to the defendant or his counsel the testimony of the people's witnesses or the minutes of the grand jury for any purpose other than to enable him to move to set aside the indictment for the reasons pointed out by the statute authorizing the granting of such relief, and before he is entitled to such relief he must present facts establishing his right thereto, and this he has failed to do upon this application.

He is not entitled by any rule of law or practice that I am aware of in either a civil or a criminal action to compel his adversary to submit for his inspection the testimony of his witnesses merely for the purpose of ascertaining what that testimony is, and especially when, as in this case, there is every reason to believe he can, if he has not already, informed himself as to what the testimony he seeks to inspect is.

The case of the *People* v. *Naughton,* 7 Abb. N. S. 421, does not sustain the claim of the defendant's counsel. It was held in that case that the court may direct a list of the witnesses examined before the grand jury to be furnished to the accused and an examination of the minutes of the grand jury may be allowed to the accused in a case of irregularity in the proceedings affecting the indictment and the application must be founded upon irregularities of the grand jury which the defendant is entitled to take advantage of, and on the necessity of the production of the minutes for that purpose to enable him to prepare for trial.

As before stated, a list of the witnesses has been endorsed upon the indictment pursuant to the requirements of the Code of Civil Procedure, and in this way the defendant has been furnished with their names.

No irregularity in the proceedings before the grand jury affecting the indictment is alleged in the defendant's moving papers, and no such suggestion was made on the argument; nor is any necesssity for the production or inspection of the minutes affecting the indictment or the proceedings of the grand jury stated in the moving papers.

For the reasons stated it follows that the defendant's application must be denied.

NOTE. Defendant is not entitled as a matter of right to the evidence taken before the grand jury or to an inspection of the minutes except for a special reason, such as to move to set aside the indictment. Especially should such an application be denied when its granting would give information to other persons, charged with crime and not yet in custody. *People* v. *Jaehne*, 4 N. Y., Crim. 161.